UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

KIMBERLY STEWART,

      Plaintiff,

v.

RELIASTAR LIFE INSURANCE
COMPANY,

      Defendant.

_____)

**COMPLAINT**

    The Plaintiff, KIMBERLY STEWART ("STEWART"), by and through her undersigned counsel, hereby sues RELIASTAR LIFE INSURANCE COMPANY ("RELIASTAR"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1.    This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. STEWART brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2.    STEWART was at all times relevant a citizen of the United States of America and in all respects sui juris.

3.    RELIASTAR is a corporation with its principal place of business in the State of Minnesota that is authorized to transact and is transacting business in the Southern District of Florida.

4.     Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, RELIASTAR, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida

## FACTUAL ALLEGATIONS

5.     This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to STEWART by RELIASTAR.

6.     Prior to filing her claim, STEWART was at all times material an employee of Ply Gem Industries, Inc.

7.     STEWART was at all times material a plan participant under Group Policy Number 68974-2LTD2011 (the "LTD Plan" or "LTD Policy"), which is a Group Long Term Disability Income Insurance Plan issued by RELIASTAR of which STEWART's employer, Ply Gem Industries, Inc., was the Policyholder.   It is pursuant to Policy 68974-2LTD2011 to which STEWART is entitled to benefits.  A copy of the LTD Policy as provided by RELIASTAR is attached hereto as Exhibit "A".

8.     The LTD Policy is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9.     RELIASTAR is the insurer of benefits under the LTD Policy and was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

10.    As the decision maker and payer of plan benefits, RELIASTAR administered the claim with a conflict of interest and the bias this created affected the claims determination.  As such, RELIASTAR is not entitled to a deferential standard of review.

11.    RELIASTAR is the fiduciary charged with making benefit determinations under the LTD

2

Policy, including the determinations made on STEWART's claim at issue.

12.   Pursuant to the terms and conditions of the LTD Policy, STEWART is entitled to LTD

benefits for the duration of her disability, or until age 67, so long as she remains disabled

as required under the terms of the LTD Policy.

13.   According to the LTD Policy,

**DEFINITION OF DISABILITY**

**You** are considered disabled when **we** review **your** claim and determine that, due to **your sickness** or **injury,** both of the following are true:
· **You** are unable to perform all the **material and substantial duties** of **your regular occupation.**
· **You** have a 20% or more loss in **your indexed monthly earnings.**

After the **regular occupation period, you** are considered disabled when **we** review **your** claim and determine that, due to **your sickness** or **injury, you** are unable to perform the duties of any **gainful occupation** for which **you** are reasonably qualified based on **your** training, education and experience.

The loss of a professional or an occupational license or certification does not, in itself, constitute disability.

**You** must be under the **appropriate care** of a **doctor** in order to be considered disabled.

**We** may require **you** to be examined by one or more **doctors,** other medical practitioners or vocational experts of **our** choice. **We** will pay for this examination. **We** can require an examination as often as it is reasonable to do so. **We** may also require **you** to be interviewed by **our** authorized representative. **Your** failure to comply with this request may result in denial or termination of benefits.

14.   At all relevant times, STEWART complied with all conditions precedent and exhausted

all required administrative remedies under the LTD Policy.

15.   Since April 30, 2018, STEWART has been disabled under the terms of the LTD Policy.

16.   Since April 30, 2018, due to sickness or injury, STEWART has been unable to perform

all the material and substantial duties of her regular occupation and she has had a 20% or

more loss in her indexed monthly earnings.

17.   Since April 30, 2018, due to sickness or injury, STEWART has been unable to perform

the duties of any gainful occupation for which she is reasonably qualified based on her

training, education and experience.

18.   At all relevant times, STEWART has been under the appropriate and regular care and

treatment of a doctor.

19.   At all relevant times, STEWART was a Covered Person under the LTD Policy.

20.    Shortly after becoming disabled, STEWART made a claim under the LTD Policy for disability benefits.

21.    STEWART's claim for LTD benefits was initially denied by was of a September 10, 2018 denial letter.

22.    STEWART properly and timely submitted an appeal of RELIASTAR's September 10, 2018 denial letter.

23.    By letter dated February 12, 2020, RELIASTAR informed STEWART that it was overturning its original decision denying the claim for LTD benefits and awarded LTD benefits for the limited time period of October 27, 2018 through September 27, 2019. Benefits beyond September 27, 2019 were denied via the February 12, 2020 approval/denial letter.

24.    STEWART properly and timely submitted an appeal of RELIASTAR's February 12, 2020 decision to deny benefits beyond September 27, 2019.

25.    By letter dated February 2, 2021, RELIASTAR notified STEWART of its decision to uphold its previous decision denying her continued LTD benefits beyond September 27, 2019 and informed STEWART that no further appeals would be considered as her administrative remedies had been exhausted.

26.    At all relevant times, STEWART complied with all conditions precedent and exhausted all required administrative remedies under the LTD Policy.

27.    From September 28, 2019 to the present date, STEWART has not received benefits owed to her under the LTD Policy, despite STEWART's right to these benefits.

28.    RELIASTAR has refused to pay STEWART's continued LTD benefits since September 27, 2019.

29.    At all relevant times, RELIASTAR was the payer of benefits.

30.    At all relevant times, RELIASTAR was the "Insurance Company" responsible for the LTD Policy.

31.    At all relevant times, RELIASTAR was the Plan Administrator or was appointed by the Plan Administrator as the named fiduciary for deciding claims for benefits under the LTD Policy and for deciding any appeals of denied claims.

32.    At all relevant times, STEWART has been and remains Disabled and entitled to LTD benefits from RELIASTAR under the terms of the LTD Policy.

33.    STEWART has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

34.    STEWART incorporates Paragraphs 1 through 33 as if fully set forth herein.

35.    This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

36.    Pursuant to 29 U.S.C. §1132(a)(1)(B), STEWART, as a participant under the LTD Policy, is entitled to sue for judicial determination and enforcement of benefits.

37.    STEWART has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of RELIASTAR's failure to pay her continued disability benefits.

38.    STEWART has exhausted all administrative remedies under the LTD Policy.

39.    Defendant breached the LTD Policy and violated ERISA in the following respects:

        (a)    Failing to pay LTD benefit payments to STEWART at a time when RELIASTAR knew, or should have known, that STEWART was

entitled to those benefits under the terms of the LTD Policy, as STEWART was disabled and unable to work and therefore entitled to benefits.

        (b)    Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Policy documents, in relation to the applicable facts and LTD Policy provisions, for the termination of STEWART's claim for LTD benefits;

        (c)    After STEWART's claim was terminated in whole or in part, RELIASTAR failed to adequately describe to STEWART any additional material or information necessary for STEWART to perfect her claim along with an explanation of why such material is or was necessary.

        (d)    RELIASTAR failed to properly and adequately investigate the merits of STEWART's disability claim and failed to provide a full and fair review of STEWART's claim.

40.    STEWART believes and thereon alleges that RELIASTAR wrongfully terminated her claim for disability benefits under the LTD Policy by other acts or omissions of which STEWART is presently unaware, but which may be discovered in this future litigation and which STEWART will immediately make RELIASTAR aware of once said acts or omissions are discovered by STEWART.

41.    Following the termination of benefits under the LTD Policy, STEWART exhausted all administrative remedies required under ERISA, and STEWART has performed all duties and obligations on her part to be performed under the LTD Policy.

42.    As a proximate result of the aforementioned wrongful conduct of RELIASTAR, STEWART has damages for loss of disability benefits in a total sum to be shown at the time of trial.

43.     As a further direct and proximate result of this improper determination regarding STEWART's claim for benefits, STEWART, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), STEWART is entitled to have such fees and costs paid by RELIASTAR.

44.     The wrongful conduct of RELIASTAR has created uncertainty where none should exist. As such, STEWART is entitled to enforce her rights under the terms of the LTD Policy and to clarify her right to future benefits under the terms of the LTD Policy.

**<u>REQUEST FOR RELIEF</u>**

WHEREFORE, KIMBERLY STEWART prays for relief against RELIASTAR LIFE INSURANCE COMPANY as follows:

1.     Payment of disability benefits due Plaintiff;

2.     An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Policy, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Policy for so long as Plaintiff remains disabled under the terms of the LTD Policy;

3.     In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claim's administrator to the extent any new facts or submissions are to be considered;

4.     Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5.     Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

DATED: July 6, 2021

ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: dell@diattorney.com